## Salem

### SARA RUTH SWAFFORD TULLOS

v.

### ROANOKE CITY DEPARTMENT OF SOCIAL SERVICES

No. 0999-90-3

Decided June 4, 1991

COUNSEL

Jonathan M. Apgar (Willis, Damico & Apgar, on brief), for appellant.

Betty Jo Anthony, Assistant Commonwealth's Attorney (Alice L. Ekirch, Assistant Commonwealth's Attorney, on brief), for appellee.

(William H. Lindsey; Bounds & Dorsey, P. C., on brief), guardian *ad litem*.

OPINION

**MOON, J.**—Sara Ruth Swafford Tullos seeks reversal of an order terminating her parental rights to her son. She maintains that the evidence, which included proof of her murdering one of her other children, was insufficient as a matter of law to support a finding by the trial judge that she, without good cause, has been unwilling or unable within a reasonable period not to exceed twelve months to substantially remedy the conditions which led to the foster care placement, notwithstanding the efforts of rehabilitative agencies. We disagree and affirm.

Her son was born February 7, 1984. He was taken from his mother on two occasions, once in Bristol when she was intoxicated and once in Roanoke when she was also intoxicated. In Roanoke, on July 8, 1986, the child was placed in foster care because of appellant's chronic alcohol consumption and inability to take care of the children at that time. In addition, appellant's husband, her son's stepfather, was abusive. On October 23, 1986, the department was granted custody for foster care placement. The foster care placement lasted from October 1986 to March 1987, when the appellant apparently complied with the requirements of the department to achieve the return of her son. During this period, she attended general parenting classes and completed alcohol treatment programs at three separate units under the direction of mental health services of the Roanoke Valley. She obtained outpatient treatment from New Directions, a program through the mental health services of the Roanoke Valley. During this time she remained sober. She also obtained marriage counseling resulting in an improvement in her marital situation.

On March 31, 1987, after appellant had left her husband and established another environment, her son was returned to her on a trial placement basis. However, within a matter of days after she had obtained custody of the child, she allowed the husband to

move back in with her. Four days before she murdered her other child, she reported that things were going well. However, later, as her excuse for the murder, she said she was frustrated due to the abusive situation with her husband. There was evidence that the murdered child had sustained beatings and injuries before the date of the death. Her son remained with appellant until she murdered the other child on January 10, 1988.

On August 2, 1988, appellant was found guilty of second degree murder and sentenced to a term of twenty years in the penitentiary to be suspended after serving eight years. In February 1990, the department sought to have appellant's parental rights terminated for the purpose of placing her son for adoption.

At the hearing, appellant admitted that it would be two to five years after she was released from incarceration before she would be able to care for the child. The evidence showed that when she mortally injured her other child, she did not immediately call for help. This delay was caused by the appellant's fear that her husband would beat her if it were revealed that things were not going well at the home.

We hold that appellant's reason for not complying with the court order and rehabilitation program was without good cause. She allowed the abusive husband back into the home. She failed to report accurately to the department the difficulties in the home. She intentionally murdered her other child. She alone was responsible for her incarceration, which resulted in her failure to comply with the rehabilitation plan. The Department of Social Services did not fail to implement the program. Contrary to appellant's contention, her incarceration was not used as the sole basis for termination of her parental rights. *See Cain v. Roanoke Dep't of Social Servs.*, 12 Va. App. 42, 402 S.E.2d 682 (1991).

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.